

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

APW
F#:  2020R00924

*610 Federal Plaza*
*Central Islip, New York 11722*

July 25, 2022

By ECF

The Honorable Joanna Seybert
Senior United States District Judge
United States District Court
100 Federal Plaza, Courtroom 1030
Central Islip, New York 11722

      Re:    United States v. Robert Zarabi
                 Criminal Docket No. 21-545 (JS)

Dear Judge Seybert:

      The government respectfully submits this letter in connection with the sentencing of defendant Robert Zarabi in the above-captioned matter. As outlined in the Presentence Investigation Report ("PSR"), the defendant's advisory Guidelines range is 0 to 6 months' imprisonment. As an alternative to incarceration, the Guidelines range also contemplate a term of probation of up to five years. The government submits that a sentence within the Guidelines range would be sufficient, but not greater than necessary, to achieve the goals of sentencing in this case.

    I.    The Offense of Conviction

      The defendant stands convicted of acquiring and possessing controlled substances by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of 21 U.S.C. §§ 843(a)(3) and 843 (d)(1). The charge stems from the following conduct:

      Between 2016 and 2021, the defendant, a dentist, wrote dozens of fraudulent prescriptions for controlled substances including oxycodone, diazepam, clonazepam, and alprazolam at several pharmacies on behalf of individuals he claimed were his patients. (PSR ¶ 5).

      Federal agents with the DEA were alerted to the defendant's behavior when a pharmacist reported that the defendant was filling oxycodone and benzodiazepine prescriptions for individuals that the defendant claimed where his patients in amounts that were far greater than what was normally prescribed by a dentist or oral surgeon. (PSR ¶ 5). Further investigation determined that the defendant was writing fraudulent oxycodone and benzodiazepine prescriptions in the name of other individuals, including his parents, maid, and child-care provider, and then picking up the controlled substances for his own use.

Troublingly, when the defendant became aware that he was under investigation, he told his former nanny – one of the individuals in whose name he wrote a fraudulent prescription – to lie to investigators and state that the defendant was treating her for a jaw disorder. (PSR ¶ 6).  This was factually incorrect, as the nanny was never a patient of the defendant. Id.

On November 9, 2021, the defendant was arrested at his medical office, where agents also executed a search warrant for his office and electronic devices. (PSR ¶ 7).

II.     Criminal History

The government agrees with the Probation Department's determination that the defendant falls within Criminal History Category I, with zero criminal history points.

III.    Guidelines Calculation

The government agrees with the Offense Level computation as set forth in the PSR ¶¶ 13 – 22.  After accepting responsibility, the defendant's total offense level is 8.

Based upon a total offense level of 8 and a category one criminal history, the resultant Guidelines range is 0 months to 6 months imprisonment, or alternatively, a term of probation of up to five years.  (PSR ¶ 64). Additionally, under the Guidelines, the Court can also impose a term of probation of up to five years and a fine between $2,000 and $20,000. (PSR ¶ 71).

IV.     Argument

The government respectfully submits that a sentence within the guideline range, which includes a term of probation, is sufficient, but not greater than necessary to achieve the goals of sentencing, as set forth 18 U.S.C. 3553(a)

The Guidelines accurately reflect the seriousness of the defendant's conduct in fraudulently writing prescriptions and abusing his position as a healthcare professional to illegally obtain controlled substances.  Furthermore, not only did the defendant abuse his position of authority, he used other people in his life – his maid, nanny, and parents – to unwittingly take part in his crimes, thereby making them part of the investigation through no fault of their own.  The government does note that while the defendant's conduct was dishonest and criminal, it does appear that it was driven by a serious substance abuse addiction from which the defendant has suffered for years.

The government believes that a Guideline range sentence will reflect the seriousness of the offense and afford adequate deterrence to future criminal conduct by this defendant and others similarly situated.

Finally, the Government concurs with the Probation Department's recommendation that as part of the Court's sentence the defendant be required to participate in an approved outpatient drug treatment program, that he contribute to the costs of the program,

that he comply with state board licensing agencies, and that he refrain from taking controlled substances.

V.  Conclusion

For the foregoing reasons, the government respectfully requests that the Court impose a sentence within the Guideline range.

Respectfully submitted,

BREON PEACE
United States Attorney

By:  /s/ Andrew Wenzel

Andrew Wenzel
Assistant U.S. Attorney
(631) 715-7832

cc: Clerk of Court (via ECF and email)
Jeffrey Greco, Esq. (by ECF and email)