

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

APW
F#: 2020R00924

*610 Federal Plaza*
*Central Islip, New York 11722*

August 9, 2022

<u>BY ECF</u>
The Honorable Joanna Seybert
United States District Judge
United States District Court
Eastern District of New York
Central Islip, New York

> Re:   United States v. Robert Zarabi
>          <u>Criminal Docket No. 21-CR-00545 (JS)</u>

Dear Judge Seybert:

The government respectfully writes to the Court to express its opposition to the defendant's request to travel from New York City to Paris, France and Rome, Italy from August 12, 2022 through August 29, 2022.

On August 1, 2022, the defendant was sentenced to 2 years' probation, a $10,000 fine, to participate in an out-patient drug treatment program, and to refrain from using prescription medication unless the prescribing physician was fully aware of his substance abuse history.  At this sentencing, the defendant requested permission to travel to Paris and Rome for vacation.  The Court during the sentencing proceeding stated, in sum and substance, that it did not see a reason why the defendant would not be able to take the trip.  The government also did not object but wanted to confirm that the Department of Probation ("Probation") did not have an issue with the trip.[1]

---

[1] As of the date of this letter, the transcript from the sentencing on August 1, 2022 was unavailable, as the court reporter was on vacation.  As such, this letter is based on the government's recollection of the conversation during sentencing.  On August 2, 2022, the defendant asked for the government's position via email.  The government responded as follows:  "Given his compliance to date – and that he already travelled to Israel without any issue of which I'm aware – I don't have any real objection.  I would like to speak with Probation to see if there is something I'm missing."

On August 5, 2022, Probation filed an objection to the defendant taking the trip. In its objection, Probation provided additional facts that were unknown to the Court and to the government during the sentencing hearing. Specifically, on July 30, 2022, the defendant felt overwhelming stress and took a "CBD" gummy that he bought from a bodega to cope; after eating the gummy, the defendant was feeling ill and arranged for a nurse to provide him an intravenous vitamin infusion; and the defendant tested positive for amphetamines and cannabinoids during his first meeting with Probation.

These new facts are very concerning and show that the defendant cannot be trusted to make this unsupervised trip. Additionally, after conferring with Probation and thoroughly thinking through the issues, the government agrees with all the stated reasons in Probation's letter that describes why this trip, which is only eleven days after the defendant was sentenced to Probation, is a bad idea. Namely, Probation needs to establish a report with the defendant and make sure he understands and can abide by the conditions of his supervision.

The government wants the defendant to succeed and get healthy. In the government's view, the defendant, especially during this initial stage of his probation, must focus on following the terms of his probation and continuing to overcome his addictions, not take a two- and half-week unsupervised vacation to a different continent. In case there was any doubt, the defendant's positive drug test in his very first meeting with Probation supports the government and Probation's position that he is unable to make this unsupervised trip without a serious risk that he will violate the terms of his probation. Put simply, this trip is not in the defendant's best interest at this time.

For all of these reasons, the government requests that the Court deny the defendant's request. Thank you very much for your consideration.

Respectfully submitted,

BREON PEACE
United States Attorney

By: _____/s/_____
Andrew P. Wenzel
Assistant U.S. Attorney
(718) 887-1294

cc: Jeffrey Greco, Esq

2